**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adolfo Aburto-Gonzalez,<br><br>   Petitioner,<br><br>v.<br><br>United States of America,<br><br>   Respondent. | No. CV-25-00008-TUC-RM<br>No. CR-22-01040-RM-EJM<br><br>**ORDER** |

On January 2, 2025, Adolfo Aburto-Gonzalez ("Movant") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 1.)[1] On January 28, 2025, Movant filed a sealed Memorandum in support of his § 2255 Motion. (Doc. 4.) Respondent United States of America filed a Response to the § 2255 Motion on March 17, 2025 (Doc. 7),[2] and Movant filed a Reply on May 5, 2025 (Doc. 10). For the following reasons, the § 2255 Motion will be denied.

**I.   Background**

Movant was convicted of one count of transportation of child pornography, in

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system and, unless otherwise noted, the docket in 4:25-cv-00008-RM.

[2] Although Movant filed his sealed Memorandum before Respondent filed its Response, Respondent was unaware of the contents of the sealed Memorandum at the time the Response was filed. Counsel for the Government informed chambers that it erroneously received an additional copy of the § 2255 Motion rather than a copy of the sealed Memorandum. The Response is of limited assistance, as it does not address the specific arguments raised by Movant in the sealed Memorandum. Nevertheless, the Court finds that the § 2255 Motion should be denied based on the current record, and therefore declines to order a supplemental response.

violation of 18 U.S.C. § 2252(a)(1)[3] and (b)(1), based on a pre-indictment guilty plea. (Docs. 28, 29, 66 in 4:22-cr-01040-RM(EJM).) The charge carries a statutory minimum sentence of 60 months imprisonment and a maximum of 240 months imprisonment. 18 U.S.C. § 2252(a)(1), (b)(1). Movant's plea agreement stipulated to a binding sentencing range of 120 to 144 months imprisonment, followed by lifetime supervised release. (Doc. 29 at 3 in 4:22-cr-01040-RM(EJM).) Movant acknowledged in the plea agreement that, if he was sentenced within the stipulated range, he would waive his right to appeal or collaterally attack his conviction and sentence. (*Id.* at 11-12.) Movant agreed to the following factual basis for the plea:

> Beginning in October 2021 and continuing through March 14, 2022, I, ADOLFO ABURTO-GONZALEZ, communicated via the internet with B.T., a 12-year-old girl who lives in Nogales, Mexico. Some of these communications were video chats which I partially recorded and which included my asking B.T. to expose her nude body and genitalia for me. On at least 3 occasions, I traveled from the United States to Nogales, Mexico for the purpose of engaging in sexual conduct with B.T. I provided gifts and money to the minor and her parents and engaged in sexual conduct with the minor. During video chats and in person encounters, I recorded and saved sexually explicit images of B.T., who I knew to be 12 years old. . . .
>
> On March 13, 2022, I attempted to enter the United States from Nogales, Mexico with my Samsung cellphone and Predator laptop computer. Along with the above files which were saved on my devices, I also possessed over 1000 files depicting other children engaging in sexually explicit conduct. . . . The files . . . contain images of actual children who were under the age of 18 at the time the images were created, engaging in various acts of sexually explicit conduct with adults, and in some cases, other children or alone. Many of the images and videos I viewed and possessed depicted sexual abuse of children well under the age of 12, including toddlers. Some of the files also depicted bondage and sadistic abuse of pre-pubescent children. The images had been mailed, shipped, and transported in interstate or foreign commerce and were also produced using materials that had been mailed and shipped and transported in interstate and foreign commerce. I knew these images depicted children engaging in sexually explicit conduct.

(*Id.* at 15-16.)

The presentence investigation report ("PSR") filed in advance of Movant's sentencing hearing recommended rejecting the plea agreement and imposing the statutory maximum sentence of 240 months. (Doc. 60 at 20 in 4:22-cr-01040-RM(EJM).)

---

[3] The information charging Movant incorrectly cited § 2252(a)(2) instead of § 2252(a)(1); it was amended in the final judgment. (*See* Docs. 25, 66 in 4:22-cr-01040-RM(EJM).)

- 2 -

Movant's counsel filed a PSR objection (Doc. 52 in 4:22-cr-01040-RM(EJM)), as well as a sentencing memorandum (Doc. 55). In both filings, counsel discussed how Movant's diagnosed autism mitigated his culpability for the behavior underlying his offense. (*See* Docs. 52, 55 in 4:22-cr-01040-RM(EJM).) Counsel also submitted a mitigation report by Mitigation Specialist Renee Kuhn and a psychological evaluation by Pegeen Cronin, Ph.D., both of which discussed Movant's autism and how it impacted the behavior underlying his offense. (Docs. 59-1, 59-2 in 4:22-cr-01040-RM(EJM).)

At Movant's sentencing hearing on December 19, 2023, Movant's attorney confirmed that she had reviewed the PSR with Movant, and Movant confirmed that his attorney had answered all his questions regarding the PSR and his case. Furthermore, Movant affirmed that he was satisfied with the services of his attorney. Movant's attorney discussed his autism diagnosis at length during the sentencing hearing, as well as his lack of criminal history, and argued for a sentence at the low end of the plea agreement. The Court granted Movant's objection to the PSR's application of a two-level vulnerable victim enhancement. Given the severity of the conduct underlying Movant's offense and the high sentencing range recommended by the United States Sentencing Guidelines, the Court considered rejecting the plea agreement, but ultimately the Court sentenced Movant within the terms of the plea agreement to 144 months imprisonment, followed by lifetime supervised release. (Docs. 64, 65, 66 in 4:22-cr-01040-RM(EJM).)

**II.     Legal Standard**

A federal prisoner may move to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Collateral attack under 28 U.S.C. § 2255 is "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial." *United States v. Houtchens*, 926 F.2d 824, 828 (9th Cir. 1991).

A convicted defendant asserting a claim of ineffective assistance of counsel must

show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When a criminal defendant pleads guilty, he cannot "thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but instead "may only attack the voluntary and intelligent character of the guilty plea by showing that" counsel's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). To establish prejudice on a claim of ineffective assistance of counsel challenging the voluntary and intelligent character of a guilty plea, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A district court must hold an evidentiary hearing if a § 2255 movant "allege[s] specific facts which, if true, would entitle him to relief" and the "record of the case cannot conclusively show that he is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). No hearing is required if the movant's claims are "so palpably incredible or patently frivolous as to warrant summary dismissal," *id.* (internal quotation marks omitted), and credibility issues can be "conclusively decided on the basis of documentary testimony and evidence in the record," *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam).

**III.    Discussion**

In his § 2255 Motion, Movant raises two claims of ineffective assistance of counsel: Claim 1 asserts ineffectiveness occurring prior to Movant's plea and Claim 2 asserts ineffectiveness occurring post-plea. (Doc. 1.)

### A. Claim 1: Pre-Plea Ineffective Assistance of Counsel

In Claim 1 of the § 2255 Motion, Movant alleges that his attorney failed to adequately communicate with him regarding the circumstances and likely consequences of his guilty plea, failed to conduct an adequate pretrial investigation, and failed to negotiate a favorable plea agreement. (Doc. 1 at 4.) In his sealed Memorandum in support of the § 2255 Motion, Movant raises several issues under the umbrella of this claim. Movant argues that an eleven-day delay between his arrest and his first court appearance violated the Fourth Amendment; that he was coerced into participating in a psychosexual evaluation and polygraph test without counsel present, in violation of the Fifth and Sixth Amendments; and that he was subjected to an unconstitutional search and arrest. (Doc. 4 at 9, 13-16.) Movant appears to allege that counsel was ineffective in contributing to the post-arrest delay and in failing to raise constitutional challenges to his arrest, the search of his property, and his psychosexual evaluation and polygraph test. (*Id.*) Movant also argues that counsel failed to provide him with all discovery materials—including the affidavit for his arrest warrant, the order to search his electronic devices, and the arrest report; failed to subpoena key witnesses, including the alleged victim and her mother; and failed to seek funds for a private investigator. (*Id.* at 10, 16-17.) Finally, Movant alleges that counsel failed to negotiate a favorable plea agreement, misled Movant regarding his sentencing exposure, pressured him into accepting the plea agreement offered by the Government, and failed to develop any strategic defense plan for trial. (*Id.* at 10-12, 18.)

To the extent Movant asserts claims of constitutional violations arising directly from his arrest, the search of his property, a delay between his arrest and first court appearance, and the circumstances of his psychosexual evaluation and polygraph test, Movant waived those claims when he pled guilty. *See Tollett*, 411 U.S. at 266-67. To the extent Movant asserts ineffective assistance of counsel for failing to raise any such constitutional claims, he has not plausibly alleged facts establishing a reasonable probability that he would have chosen to reject the plea agreement and go to trial had

counsel raised the claims. *See id.* at 266-68. Moreover, the record contradicts Movant's contentions. Contrary to Movant's claim of an eleven-day delay between his arrest and first court appearance, the record reflects that Movant's initial appearance was held two days after his arrest. (*See* Doc. 3 in 4:22-cr-01040-RM (EJM).) Furthermore, Movant agreed to submit to a psychosexual evaluation and polygraph test as part of his plea agreement. (Doc. 29 at 10-11 in 4:22-cr-01040-RM (EJM).)

Movant has also failed to plausibly allege facts showing that he would not have pled guilty but for counsel's alleged failure to provide him with all discovery materials, subpoena witnesses, and seek funds for a private investigator. Movant does not provide any details concerning the content of the discovery materials that counsel allegedly failed to provide to him, nor does he explain how review of those materials would have impacted his decision to plead guilty. Movant does not explain what exculpatory evidence a private investigator could have discovered. Movant asserts that the victim and her mother, if subpoenaed, would have testified that Movant's relationship with the victim was consensual (Doc. 4 at 16), but this argument merely highlights Movant's continued difficulty understanding the wrongfulness of his conduct. The victim was 12 years old, and her mother traded sexual access to her in exchange for money and goods from Movant. (*See* Doc. 60 at 4 in 4:22-cr-01040-RM (EJM).) Any supposed consent by the victim or her mother is irrelevant to the elements of Movant's offense of conviction. Counsel was not deficient in failing to subpoena the victim and her mother regarding the allegedly consensual nature of the relationship, nor has Movant shown any prejudice from counsel's failure to do so.

Movant has also failed to show that his attorney rendered deficient performance in negotiating his plea agreement or explaining the terms of the agreement to him. Movant faced a statutory maximum sentence of 20 years of imprisonment on his charged offense. 18 U.S.C. § 2252(a)(1), (b)(1). In addition, Movant's underlying conduct exposed him to potential additional charges that could have been presented to a grand jury, including sexual exploitation of a child, which would have carried a statutory maximum sentence of

30 years imprisonment. *See* 18 U.S.C. § 2251(a), (c)(1), (e). Movant's attorney negotiated an extremely favorable pre-indictment plea agreement that capped Movant's potential sentence at 12 years. (Doc. 29 at 3 in 4:22-cr-01040-RM (EJM).) By Movant's own account, his attorney accurately represented to him that the plea agreement proposed a sentence of 10 to 12 years. (*Compare* Doc. 4 at 10-11, *with* Doc. 29 at 3 in 4:22-cr-01040-RM (EJM).)[4] Movant has not identified any specific errors in his attorney's plea negotiations, nor has he shown prejudice from any such errors.

In sum, Movant has failed to allege facts plausibly showing pre-plea deficient performance by his defense attorney, nor has he alleged facts establishing a reasonable probability that he would not have pled guilty but for counsel's alleged deficiencies. The Court will deny Claim 1 of the § 2255 Motion.

**B. Claim 2: Post-Plea Ineffective Assistance of Counsel**

In Claim 2, Movant asserts that his attorney rendered ineffective assistance in failing to review the PSR with him, failing to file substantive objections to the PSR, failing to present mitigation at sentencing, and failing to file a notice of appeal. (Doc. 1 at 5.)[5] These claims are belied by the record, and Movant fails to plausibly allege facts showing deficient performance and prejudice.

At his sentencing hearing, Movant confirmed that his attorney had answered all his questions regarding the PSR. Such statements made to the Court carry a strong presumption of veracity. *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

---

[4] Movant avers that his attorney told him that his charged offense carried a statutory maximum sentence of 15 years imprisonment. (Doc. 4 at 10.) The charge actually carries a statutory maximum sentence of 20 years imprisonment. 18 U.S.C. § 2252(a)(1), (b)(1). Assuming that counsel rendered deficient performance by understating the maximum statutory penalty that Movant faced if he were to proceed to trial, Movant has failed to plausibly allege facts showing that he would have rejected the plea agreement but for the alleged deficient performance; accurately stating the maximum statutory penalty on the charged offense would have made the plea agreement more, rather than less, compelling.

[5] Movant also argues that his sentence is substantively unreasonable. (Doc. 4 at 22.) Movant waived challenges to his sentence as part of his plea agreement. (Doc. 29 at 11.) Even if Movant had not waived this claim, he has failed to show that his sentence—which was well below the guideline range and statutory maximum—is substantively unreasonable in light of the severity of Movant's underlying conduct and all other circumstances.

Moreover, the record shows that counsel filed PSR objections. (*See* Doc. 52 in 4:22-cr-01040-RM (EJM).) In fact, this Court sustained one of the objections during Movant's sentencing hearing. Movant alleges in his Memorandum in support of the § 2255 Motion that the PSR contains inaccuracies, including a statement that Movant's counsel was present during his psychosexual evaluation and polygraph test, and a statement that Movant had lubricant when his belongings were searched at the border. (Doc. 4 at 19.) However, there is no reasonable probability that Movant's sentence would have been different had counsel objected to these immaterial inaccuracies, and Movant does not identify any additional PSR objections that his attorney should have filed.

      Movant argues that his counsel failed to argue mitigating factors, failed to present a psychological evaluation concerning his autism diagnosis, and failed to introduce evidence—including a framed photograph of Movant with the victim and communications between Movant and the victim's family—to show that his relationship with the victim was consensual. (Doc. 4 at 19-22.) However, the record reflects that Movant's attorney filed the psychological evaluation at issue as an exhibit to Movant's sentencing memorandum. (*Compare* Doc. 4-1 at 2-15, *with* Doc. 59-2 in 4:22-cr-01040-RM (EJM).) Counsel also filed a mitigation report addressing Movant's autism diagnosis and argued at length in Movant's sentencing memorandum and at the sentencing hearing regarding how Movant's autism mitigated his culpability for the conduct underlying his offense. (Docs. 55, 59-1 in 4:22-cr-01040-RM (EJM).) In addition, counsel discussed Movant's lack of criminal history as a mitigating factor. (Doc. 55 at 5, 8-9.) Accordingly, the record refutes Movant's contention that defense counsel rendered deficient performance by failing to present mitigation and evidence of Movant's autism diagnosis. Furthermore, there is no reasonable probability that the result of Movant's sentencing hearing would have been different if counsel had presented evidence in an attempt to show that Movant's relationship with the 12-year-old victim was consensual; to the contrary, as discussed above, presenting such evidence would only have served to highlight Movant's inability to understand the wrongfulness of his conduct.

Finally, Movant fails to show deficient performance or prejudice arising from his attorney's failure to file a notice of appeal. Movant waived his right to file a direct appeal because this Court sentenced him within the terms of his plea agreement. (Doc. 29 at 11-12.)

**IT IS ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1 in 4:25-cv-00008-RM; Doc. 67 in 4:22-cr-01040-RM-EJM) is **denied**, and the civil action opened in connection with that Motion (4:25-cv-00008-RM) is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253(c) and Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the Court's ruling debatable. *See* 28 U.S.C. § 2253(c)(2).

Dated this 28th day of May, 2025.

Honorable Rosemary Márquez
United States District Judge